UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles George STAPLETON,
Defendant-Appellant.

No. 78–3229.

United States Court of Appeals,
Ninth Circuit.

July 16, 1979.

Robert R. Lee, Los Angeles, Cal., Jack Leavitt, Berkeley, Cal., for defendant-appellant.

Christina McKenna, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

·Before TUTTLE,* ELY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Stapleton, a convicted felon, was charged with receiving firearms which had been shipped in interstate commerce, a violation of 18 U.S.C. § 922(h) (1976). He moved to suppress two handguns found in the trunk of a car he had been using. The court suppressed the firearms but concluded there was sufficient independent untainted evidence of guilt. It sentenced him to three years imprisonment and a $5,000 fine.

Stapleton argues that his constitutional rights were violated because the government decided to prosecute under § 922(h) rather than 18 U.S.C. App. § 1202(a) (1976), which carries a lesser maximum penalty. He also challenges the sufficiency of the evidence and the court's failure to prepare a memorandum of agreed matters at the conclusion of the pretrial conference.

We withheld submission pending disposition by the Supreme Court in *United States v. Batchelder*, 581 F.2d 626 (7th Cir. 1978). The appeal is now submitted and we affirm.

On April 3, 1978, Stapleton presented two handguns, a .22 magnum High Standard pistol and a .357 magnum Colt pistol, for storage by a licensed gun dealer in Blaine, Washington. He retrieved the guns on May 1, 1978.

Minutes after his arrest the next day, Customs agents received permission to search Stapleton's motel room. They found a deposit slip, torn in pieces, which he had used to retrieve the guns. About 45 minutes later, agents found the guns in the trunk of a car used by Stapleton and others in their smuggling activities. Later that day the agents who had found the slip taped it together. They located the store which had given the receipt and spoke to the employee from whom Stapleton received the guns.

At the pretrial conference held July 14, 1978, the court determined that the case would be tried on stipulated facts. The suppression hearing and trial were consolidated and set for July 24.

After filing this appeal, Stapleton moved this court to supplement the record with any Memorandum of Agreed Matters or documents completed by the district court under F.R.Crim.P. 17.1. We granted the motion, but no Memorandum was filed.

█ The Supreme Court's decision in *United States v. Batchelder*, —— U.S. ——, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), forecloses Stapleton's constitutional claim. The Court found §§ 922(h) and 1202(a) unambiguous and the overlapping reach of the sections non-violative of due process and equal protection.

It affirmed the principle that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." —— U.S. at ——, 99 S.Ct. at 2204. Regarding the different sentences possible under the two sections, the Court concluded that despite

> the partial redundancy of §§ 922(h) and 1202(a), both as to the conduct they proscribe and the individuals they reach . . . we find nothing in the language, structure or legislative history of the Omnibus Act to suggest that because of this overlap, a defendant convicted under § 922(h) may be imprisoned for no more than the ·maximum term specified in § 1202(a). As we read the Act, each substantive statute, in conjunction with its own sentencing provision, operates independently of the other.

*Id.* —— U.S. at ——, 99 S.Ct. at 2201.

█ We reject Stapleton's remaining contentions. The stipulation is replete with

* Senior Circuit Judge for the Fifth Circuit.

direct and circumstantial evidence that the described handguns were "designed to . . expel a projectile by the action of an explosive" and were, by their very nature, "destructive device[s]." 18 U.S.C. § 921(a)(3). *See United States v. Liles,* 432 F.2d 18, 19–20 (9th Cir. 1970).

■ Stapleton's failure to object to and acquiescence in the trial court's noncompliance with F.R.Crim.P. 17.1[1] precludes his next assertion of error. It is true that at the pretrial conference the parties believed that the disposition of the suppression motion would effectively determine the outcome of the trial. The stipulation was prepared upon this assumption.

Three days before the trial, however, the prosecutor realized that he had enough evidence to establish the elements of the offense without having to offer the guns in evidence. He advised defense counsel immediately that he would so argue.

Stapleton could then have withdrawn the stipulation if he believed it inadequate. Instead, he decided to sign it, which he did shortly before the hearing began. If he had desired to present witnesses, he could have advised the court before executing the stipulation. And if he had felt the failure to prepare a memorandum prejudiced his right to a fair trial, he could then have petitioned the court for relief. He did none of these things.

We agree with the Fifth Circuit that "[r]aising this issue by way of a post-trial motion was so untimely as to amount to a waiver." *United States v. Millet,* 559 F.2d 253, 257 (5th Cir. 1977), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 759 (1978).

■ Stapleton also argues that the government breached an agreement that it would argue only the admissibility of the handguns. The government had not agreed to limit its argument to the issue of admissibility. Nor was use of the stipulation restricted to that issue. Stapleton's counsel admitted at trial:

THE COURT: What about the fact that we have a stipulation of fact that really was presented to the Court in connection with the facts to be brought out on the motion? The admissibility of those facts in the trial of the case, does that pose a problem?

MR. GUTERSON: I understood that we all agreed that this stipulation of fact was not to address itself only to the motion but was a stipulation of agreed facts in connection with the trial and that Mr. Stapleton was placing himself in jeopardy and that the entire matter was to be resolved.

Both defense counsel argued the merits of the case on the stipulation.

■ At oral argument, Stapleton contended that the stipulation of facts constitutes a guilty plea for purposes of Rule 11, requiring that the court afford him appropriate protections. As we have held, Rule 11 applies only to guilty pleas and pleas of *nolo contendere,* not to stipulations. *United States v. Miller,* 588 F.2d 1256, 1263 (9th Cir. 1978); *United States v. Terrack,* 515 F.2d 558, 560 (9th Cir. 1975).

We affirm the district court and direct that release on bail be revoked now.

---

1. Federal Rule of Criminal Procedure 17.1 provides that "At the conclusion of a conference the court shall prepare and file a memorandum of the matters agreed upon."