Gilberto **RODRIGUEZ–GONZALEZ**, Jose Luz Aquiando-Cortez et al., Petitioners,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 79–7245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1980.

Decided April 3, 1981.

Jose Angel Rodriguez, Los Angeles, Cal., for petitioners.

Carolyn M. Reynolds, Los Angeles, Cal., for respondent.

Before HUG and FARRIS, Circuit Judges, and LUCAS,* District Judge.

FARRIS, Circuit Judge:

Petitioners, five citizens of Mexico, seek review of an order of the Board of Immigration Appeals finding them deportable. We affirm.

### I. FACTS

Petitioners were interrogated in February and March of 1978 at their workplace, Vogue Coach Corp., by the Immigration and Naturalization Service. Immediately after interrogation, the INS arrested them for entry into the United States without inspection. *See* 8 U.S.C. § 1251(a)(2) (1976). On May 2, 1978, the petitioners, with their at-

---

* Honorable Malcolm M. Lucas, U.S. District Judge for the Central District of California, sitting by designation.

torney, appeared at a joint deportation hearing. At the hearing, their attorney admitted that petitioners had entered without inspection but denied their deportability. In support of the denial, the attorney made an offer of proof that Vogue and the INS had agreed to interrogate, arrest, and commence deportation proceedings against petitioners in retaliation for the petitioners' union activities. The attorney accordingly argued that petitioners should not be deported because deportation would violate public policy. In addition, he contended that petitioners should not be deported because 1) they were unreasonably arrested in violation of their Fourth Amendment rights and 2) their arrest constituted a violation of the equality component of the Fifth Amendment due process clause.

On the basis of their attorney's admission, the immigration judge found that petitioners had illegally entered the country, *see* 8 U.S.C. § 1251(a)(2) (1976), ruled that he had no authority to refuse deportation because of Vogue's antiunion activities, and rejected Vogue's offer of proof. The Board of Immigration Appeals affirmed. Petitioners seek review.

### II. FINDING OF ENTRY WITHOUT INSPECTION

▇ The immigration judge and the Board found that petitioners entered the United States without inspection. This finding is conclusive "if supported by reasonable, substantial, and probative evidence on the record." 8 U.S.C. § 1105a(a)(4) (1976). At the deportation hearing, the petitioners' attorney admitted that petitioners had entered without inspection. If effective, the admission constitutes substantial evidence.

▇ Petitioners argue that the interrogation and arrest at Vogue violated their Fourth and Fifth Amendment rights. Even if such violations occurred, however, they would not prevent reliance by the Board on

petitioners' voluntary admission of illegal entry at the subsequent deportation hearing. *Medina-Sandoval v. INS*, 524 F.2d 658, 659 (9th Cir. 1975) (voluntary admission at deportation hearing admissible even if initial stop unlawful); *see Cuevas-Ortega v. INS*, 588 F.2d 1274, 1278 n.9 (9th Cir. 1979) (voluntary admission at immigration office admissible even after illegal arrest). Nor would a constitutionally invalid arrest taint the deportation proceeding itself. *Medina-Sandoval*, 524 F.2d at 659.

Petitioners attack the effectiveness of the admission on three grounds. They assert (1) that under immigration regulations admissions at deportation hearings must be personally made, (2) that the admission constituted a waiver of the petitioners' right to avoid self-incrimination and therefore may not be made by counsel, and (3) that the court should have allowed withdrawal of the admission because petitioners were ineffectively assisted by counsel.

▮ Petitioners base their first contention on their reading of 8 C.F.R. § 242.16(b) (1980). They assert that the references in this regulation to personal pleadings prohibit admissions by counsel. In the deportation hearing, the immigration judge accepted an admission of factual allegations from counsel. The Board was aware of this procedure. This is not an isolated instance of admission by counsel at deportation hearings. *E. g., Medina-Sandoval v. INS*, 524 F.2d 658, 659 (9th Cir. 1975) ("Following this ruling, Medina-Sandoval, through counsel, admitted the allegations in the order to show cause . . . ."). We understand petitioners' contention, but we reject it. Under the circumstances here, the Board's acceptance of an admission through counsel does not violate C.F.R. § 242.16(b) (1980). *See* 8 C.F.R. § 292.5(a) (1980).[1]

Petitioners also contend that the Fifth Amendment requires that admissions be made personally. They first characterize the admission as a waiver of their privilege against self-incrimination. Next, they argue that because that right can only be *asserted* personally, *Schoeps v. Carmichael*, 177 F.2d 391, 398–99 (9th Cir. 1949), *cert. denied*, 339 U.S. 914, 70 S.Ct. 566, 94 L.Ed. 1340 (1950), it can only be *waived* personally. This position, if accepted, would preclude counsel from making any effective admissions or stipulations that eventually prove contrary to the client's interest.

▮ Such a result has been repeatedly rejected. *See, e. g., United States v. Cravero*, 530 F.2d 666, 671–72 (5th Cir. 1976) (and cases cited therein). Even criminal defendants are bound by the admissions of fact made by their counsel during trial in their presence and with their authority. *E. g., United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980); *Taylor v. United States*, 182 F.2d 473, 475 (9th Cir. 1950) (dictum); *United States v. Adams*, 422 F.2d 515, 518 (10th Cir.) (dictum), *cert. denied*, 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569 (1970); *United States v. Denniston*, 89 F.2d 696, 698 (2d Cir.) (guilty plea), *cert. denied*, 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362 (1937); *Jones v. United States*, 72 F.2d 873, 874 (7th Cir. 1934) (stipulation of fact). Ordinarily, admissions of fact by counsel in deportation proceedings are similarly binding. *Cf. United States v. Guerra de Aguilera*, 600 F.2d 752, 753 (9th Cir. 1979) (in-court admission by counsel combined with previous written admission bound alien in deportation proceeding). Petitioners personally acknowledged to the court the authority of their attorney, they were present when the admission was made, and they

---

1. *Cf.* Fed.R.Civ.P. 11 (attorney alone signs pleadings).

Fed.R.Crim.P. 11 requires that guilty pleas in federal criminal cases ordinarily must be personally made. This is not a criminal case and thus Rule 11 does not apply. Moreover, Rule 11 applies to pleas, rather than admissions of fact. *See United States v. Stapleton*, 600 F.2d 780, 782 (9th Cir. 1979); *United States v. Miller*, 588 F.2d 1256, 1263 (9th Cir. 1978), *cert.*

denied, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *United States v. Terrack*, 515 F.2d 558, 560–61 (9th Cir. 1975). *Cf.* ABA Project on Standards for Criminal Justice, Standards Relating to The Prosecution Function and The Defense Function 239–40 (Approved Draft 1971) (commentary to Defense Function Standard 5.2(b)) ("[T]he lawyer must be allowed to decide . . . whether to stipulate certain facts . . . .").

had the benefit of an interpreter. Nothing more was required.[2]

■ Petitioners claim that the admission renders their attorney's representation of them ineffective and contend that the admission should be withdrawn. They rely upon two decisions in which criminal defendants were allowed to withdraw guilty pleas. *Davis v. United States*, 376 F.2d 535 (5th Cir. 1967) (client unrepresented by counsel; withdrawal of guilty plea should have been allowed); *United States v. Shapiro*, 222 F.2d 836, 840 (7th Cir. 1955) (client pleaded nolo contendere when unaware of consequences; withdrawal should have been allowed). Even if petitioners can properly extend this rule from the context of withdrawal of a plea at a criminal trial to withdrawal of a factual admission at an administrative hearing, the attorney's representation does not constitute ineffective assistance. He made a decision to forego challenging the accusation of entry without inspection in hopes of focusing attention on the labor law defense. This sort of tactical decision, even if in hindsight unwise, does not constitute ineffective assistance.

## III. FINDING OF DEPORTABILITY

■ Petitioners also contend that their deportation would constitute an unfair labor practice by Vogue. In an argument based loosely on *NLRB v. Apollo Tire Co., Inc.*, 604 F.2d 1180 (9th Cir. 1980),[3] they

assert that, even if they had entered without inspection, public policy precluded a finding of their deportability and required that the deportation proceedings be terminated. The Board rejected this assertion, ruling that the immigration judge had no power to terminate the proceedings. When an immigration statute makes an alien deportable, as 8 U.S.C. § 1251(a)(2) (1976) does here, and INS enforcement officials seek deportation, the immigration judge is without power to terminate the proceedings on equitable, humanitarian, or other grounds not specified by the statute. *See Lopez-Telles v. INS*, 564 F.2d 1302, 1304 (9th Cir. 1977) (immigration judge has no "discretionary authority to terminate deportation proceedings"); *Guan Chow Tok v. INS*, 538 F.2d 36, 38 (2d Cir. 1976) (immigration judge "cannot exercise discretion and withhold deportation in contravention of the statute").

Affirmed.

---

2. The rule that guilty pleas by criminal defendants must be personally made or affirmed has taken on constitutional stature. *See Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–1713, 23 L.Ed.2d 274 (1969); *id.* at 247, 89 S.Ct. at 1714 (Harlan, J., dissenting) (protesting the Court's elevation of Fed.R.Crim.P. 11 to constitutional dimensions). *Boykin* reasoned that because a guilty plea in a criminal case involves waiver of the defendant's constitutionally protected rights to avoid self-incrimination, to jury trial, and to confront one's accusers, the record must show that the guilty plea was voluntarily and knowingly entered. At most, the factual admission at the administrative hearing in this case involved waiver of the right to avoid self-incrimination; we hold that waiver sufficient. The Supreme Court has recognized that a factual admission is distin-

guishable from a guilty plea. *Id.* at 242, 89 S.Ct. at 1711–1712 ("[A] plea of guilty is more than an admission of conduct . . . .").

3. The *Apollo Tire* court determined only that because illegal aliens are "employees" under the National Labor Relations Act (NLRA), 29 U.S.C. § 152(3), the employer was guilty of an unfair labor practice in discharging alien employees who had complained to the Labor Department about the company's failure to pay overtime. Our decision that an illegal alien can exercise rights protected by the NLRA, however, does not bear on his deportability under the immigration laws when an employer's unfair labor practice precipitated the discovery of his illegal status.