Prassert PAOINTHARA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 82–7236.

United States Court of Appeals,
Ninth Circuit.

Submitted March 24, 1983.

Decided June 15, 1983.

Morris L. Davidson, Los Angeles, Cal., for petitioner.

William B. Odencrantz, Gen. Atty., San Pedro, Cal., Joe D. Howerton, Los Angeles, Cal., Lawrence Lippe, Washington, D.C., for respondent.

Before BROWNING, Chief Judge, and FLETCHER and NORRIS, Circuit Judges.

PER CURIAM:

The panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Fed.R.App.P. 34(a); 9th Cir.R. 3(a).

Paointhara petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) decision finding him deportable and denying voluntary departure and suspension of deportation. The Immigration and Naturalization Service (INS) began deportation proceedings against petitioner charging that he was deportable because he had overstayed his visa. *See* 8 U.S.C. § 1251(a)(2) (1976). Subsequently, petitioner was convicted in United States District Court of conspiracy to import and importation of narcotics. The INS thereafter amended the proceedings against petitioner to charge that he was deportable because of his narcotics conviction. *See* 8 U.S.C. § 1251(a)(11) (1976). At the deportation hearing, petitioner's counsel, on petitioner's behalf, allegedly admitted all of the elements necessary to find petitioner deportable. The IJ, therefore, ordered petitioner deported and denied him any form of discretionary relief. In due course, the BIA affirmed the IJ's decision.

On appeal, Paointhara argues that the INS failed to carry its burden to prove alienage and hence deportability, and that the immigration statutes, insofar as they establish different eligibility standards for discretionary relief from deportation for different classes of aliens, violate equal protection. Petitioner's second argument is easily disposed of. Classifications among aliens satisfy equal protection if supported by a rational basis. *United States v. Barajas-Guillen,* 632 F.2d 749, 752 (9th Cir.1980). Because Congress could reasonably presume that lawfully admitted permanent resident aliens have stronger ties to this country than non-immigrants, the more stringent requirements for suspension of deportation for the latter class is supported by a rational basis. *See Mathews v. Diaz,* 426 U.S. 67, 80–83, 96 S.Ct. 1883, 1891–93, 48 L.Ed.2d 478 (1976). Basing eligibility for discretionary relief from deportation on culpability also is a rational distinction between classes of aliens and thus the statutory scheme challenged by petitioner does not violate equal protection. *See Barajas-Guillen,* 632 F.2d at 753.

Petitioner's first argument, that the INS failed to carry its burden of proving alienage, presents a more troublesome

issue. In deportation proceedings, the INS has the burden of proving deportability by "clear, unequivocal, and convincing evidence." *Iran v. INS*, 656 F.2d 469, 471 (9th Cir.1981) (quoting *Woodby v. INS*, 385 U.S. 276, 277, 87 S.Ct. 483, 484, 17 L.Ed.2d 362 (1966)). On petition for review, this court must determine whether there is reasonable, substantial, and probative evidence in the record as a whole to support the IJ's determination that the INS carried its burden of proving deportability. *See* 8 U.S.C. § 1105a(a)(4) (1976); *Rodriguez-Gonzalez v. INS*, 640 F.2d 1139, 1140–41 (9th Cir.1981). Admissions by counsel may constitute such substantial and probative evidence. *See Rodriguez-Gonzalez*, 640 F.2d at 1141.

█ The IJ in the instant case concluded that petitioner "admitted the facts concerning his entry and that he was convicted on January 29, 1979 in the United States District Court for importing a narcotic drug into the United States." Accordingly, the IJ ordered petitioner deported and the BIA affirmed this decision. The relevant portion of the colloquy between the Immigration Judge and petitioner's counsel, which is set forth in the margin,[1] reveals, however, no explicit admission of petitioner's alienage. Only by implication from the silences in this colloquy can it be inferred, if indeed it can be inferred at all, that petitioner, through his counsel, admitted his alienage. While we are aware of the need for dispatch in bringing deportation proceedings to a close, we cannot accept inferences borne only by silence as substantial and probative evidence to support the IJ's conclusion that the INS carried its rather

---

1. The following discussion is taken from the hearing transcript. Errors and omission appear in the original.

[Immigration Judge:] Now Mr. Kupuya [petitioner's counsel] the Government has lodged additional factual which they have now numbered No. 4, withdrawing No. 4 in the Order to Show Cause. And they have also charged a new charge of deportability in lieu of the prior charge of deportability.
Mr: Kupuya: Yes your Honor.
Judge: Now how do you plead to allegations 1, 2, 3, 5 in the Order to Show Cause [1–3 allege alienage] and the lodged charge and the lodged factual allegation, Exhibit No. 2.
Mr. Kupuya: Well, your Honor, statistically all the charges might be admitted. But as far him doing the alleged accusations or being guilty, it's not—
Judge: Mr. Kupuya, I do not have the authority to look behind the record of conviction, if it is a proper conviction. I cannot re-try the case; this is for the Courts before which he was originally brought for violation of law. So, you've admitted the factual allegations. Is that correct?
Mr. Kupuya: With the reservation that we . I mean the statistical allegations. I don't know if we might call them factual or statistical.
Judge: Well, they are factual.
Mr. Kupuya: But he is not guilty of committing those crimes.
Judge: My only concern is, was he found guilty of committing these crimes? I'm not concerned with his own belief as to his innocence.
Mr. Kupuya: Yes, your Honor.
Judge: There may be a moral question. But there's no legal question. Now Ms. Gersbacher do you have the records relating to the charges set out in the allegations? And would you show them to Mr. Kupuya please?
Ms. Gersbacher: Yes, your Honor.
Judge: All right, have you reviewed the record?
Mr. Kupuya: Yes, your Honor. I'd like to make a comment now?
Judge: Yes.
Mr. Kupuya: All the convictions he has, which he plead guilty without trial . I got through the criminal attorney originally and he told me he just will get two months probation if he pleads guilty. It's conspiracy. For what it's worth, I don't know. I know that in America jurisprudence, conspiracy is a major crime, it's considered. But I know other jurisprudences, they do not hesitate, don't even have a of conspiracy. Because, conspiracy every man is responsible for their own acts. Conspiracy is something very vague, at least—
Judge: Well, in any event it's not very vague in the American laws. There are definite rules that determine where there has been a conspiracy and he's been found guilty of conspiracy to import a narcotic drug. And therefore, I'm bound by that record. Now, if that's you objection I'll overrule it and mark the record of conviction as *Exhibit No. 3.* May I see it please?
Mr. Kupuya: Yes.
Judge: This record which consists of Criminal Minutes in the Central District of California, U.S. District Court along with a Record of Judgment and Sentence, and an Indictment, will be marked together as *Exhibit No. 3.*

strenuous burden of proving petitioner's deportability by "clear, unequivocal and convincing evidence." *See Woodby v. INS,* 385 U.S. at 277, 87 S.Ct. at 484; *cf. Phinpathya v. INS,* 673 F.2d 1013, 1019 (9th Cir.1981) (IJ's conclusion upheld that INS had failed to prove petitioner gave "false testimony"), *cert. granted,* —— U.S. ——, 103 S.Ct. 291, 74 L.Ed.2d 275 (1982). Accordingly, we reverse the decision of the BIA and remand the case for further proceedings.

REVERSED and REMANDED.