Elvira
MAGALLANES–DAMIAN, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Monica GALLEGOS–ARES, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Marisol MONTERO, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Candalaria
GARCIA–QUESADA, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Jose GALLEGOS–ARREZ, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Engracia SAUCEDO–DE
GALLEGOS, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Lucia Solis DE GARCIA, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

Nos. 85–7283 to 85–7289.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 1986.

Decided Feb. 25, 1986.

As Amended April 4, 1986.

Law Offices of Marc Van Der Hout, Marc Van Der Hout, Teresa A. Bright, San Francisco, Cal., for petitioners.

James A. Hunolt, Marshall T. Golding, Dept. of Justice, Washington, D.C., for respondent.

Before SNEED, J. BLAINE ANDERSON, and ALARCON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Petitioners petition for a review of an order by the Board of Immigration Appeals (BIA) denying their motions to reopen their deportation proceedings. Petitioners claim that their concession of deportability was not voluntarily made due to their counsel's ineffective assistance. Specifically, they claim that the ineffective assistance of their counsel denied them their opportunity to litigate a motion to suppress evidence consisting of admissions made in connection with their arrest. They contend that their counsel's ineffective assistance led to a denial of their due process right to a full and fair hearing and led them to involuntarily concede deportability.

## I. FACTS

Petitioners are natives and citizens of Mexico. The INS claims they entered this country without inspection. They were arrested in a factory survey in San Jose, California. They were charged, by an Order to Show Cause, with deportability.

Petitioners claim that armed INS agents, without a search warrant, surrounded the factory and sealed all exits. Various workers, including petitioners, were brought to an office for questioning. Each was asked if he had papers. Petitioners indicated that they had an attorney and that they wished to speak to him first. They showed the agent letters from him. The agent allegedly told them that the letters were meaningless and they would not be permitted access to their attorney until after they were transported to a detention center in San Francisco. Petitioners were then questioned, whereby they admitted their alienage and illegal entry, and then they were arrested for being aliens unlawfully in the United States, and transported to San Francisco.

Petitioners and fifteen other arrested workers, retained Mr. Douglas Haffer as counsel. At their first meeting, lasting approximately thirty minutes, Haffer allegedly did not interview any of the aliens individually nor did he elicit from them as a group any information about their arrests. He did circulate a piece of paper to get names, addresses, phone numbers, and hearing dates. He also allegedly said he would file a motion to suppress and claimed that if he lost this motion, he would appeal it all the way to the Ninth Circuit. At a second meeting, lasting about forty-five minutes, Haffer did not individually interview his clients, but allegedly reiterated his promise to file a motion to suppress and to appeal if he lost.

Haffer met with petitioners again on the day of their deportation hearing and again told them that he would pursue the motion to suppress. Haffer then participated in a pre-hearing conference with the immigration judge and an INS attorney. According to a declaration made by the INS attorney, the legal merits of Haffer's suppression theory were thoroughly discussed at this meeting. The INS attorney announced his intention to vigorously resist any suppression motions, and the judge indicated he did not accept the legal theory upon which the proposed motions would be based. The judge offered an extended period of voluntary departure in lieu of the motions.

After the pre-hearing conference, Haffer advised petitioners that the suppression motion would not be successful and that the best he could get for them was an extended period of voluntary departure. Petitioners claim that Haffer refused to pursue an appeal for four of the aliens who wanted to appeal unless it was joined by all those he was representing. He allegedly told them that they risked immediate deportation and the loss of their jobs if they did not accept the offer of extended voluntary departure. After consulting with all the petitioners, Haffer told the judge he would request voluntary departure.

At the deportation hearing, Haffer conceded deportability on behalf of petitioners. He requested and received five and one-half months' voluntary departure. His reason for requesting this extended voluntary departure period was his belief that pending amnesty legislation, which would make petitioners eligible for lawful permanent residence, would be enacted before their voluntary departure period expired.

Upon petitioners' motions to reopen, the immigration judge found that Haffer's conduct did not constitute ineffective assistance of counsel, but was instead a tactical decision. He further found that the motion to suppress was frivolous and had little, if any, chance of success. The BIA affirmed the immigration judge's rulings and found that the concession of deportability made by Haffer was binding on petitioners, that the concession of deportability could not be attributed to ineffective assistance of counsel, and that they suffered no due process violation. We affirm.

## II. DISCUSSION

The BIA's denial of a petition by an alien seeking reopening is reviewed for an abuse of discretion. *See INS v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985) (citing *INS v. Phinpathya,* 464 U.S. 183, 104 S.Ct. 584, 588 n. 5, 78 L.Ed.2d 401 (1984)); *Chavez v. INS,* 723 F.2d 1431, 1433 (9th Cir.1984).

Deportation hearings are deemed to be civil, not criminal, proceedings and thus not subject to the full panoply of procedural safeguards accompanying criminal trials. *United States v. Barraza-Leon,* 575 F.2d 218, 220 (9th Cir.1978); *Whetstone v. INS,* 561 F.2d 1303, 1306 (9th Cir.1977). As a consequence, petitioners have no constitutional right to counsel under the sixth amendment. *Castro-Nuno v. INS,* 577 F.2d 577, 578 (9th Cir.1978). However, due process must be afforded in deportation proceedings. *Barraza-Leon,* 575 F.2d at 220; *Nee Hao Wong v. INS,* 550 F.2d 521, 523 (9th Cir.1977). Therefore, any right a petitioner may have to counsel is grounded in the fifth amendment guarantee of due process. *Paul v. INS,* 521 F.2d 194, 197 (5th Cir.1975). Under this fifth amendment right to counsel, petitioners must shoulder a heavier burden of proof. Petitioners must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause. *Paul,* 521 F.2d at 198.

This court has addressed the issue of ineffective assistance of counsel in immigration cases before. In *Rodriguez-Gonzalez v. INS,* 640 F.2d 1139 (9th Cir.1981), the petitioners were interrogated at their workplace by the INS. Immediately after the interrogation, the INS arrested them for entry into the United States without inspection. At the deportation hearing, the petitioners' attorney admitted that petitioners had entered without inspection, but denied their deportability. *Id.* at 1140. In support of the denial, the attorney made an offer of proof that the arrest and deportation proceedings were commenced in retaliation for the petitioners' union activities. It was also argued that the interrogation and arrest violated the petitioners' fourth and fifth amendment rights.

In this factually similar case, the petitioners claimed that the attorney's admission that petitioners had entered without inspection rendered his representation of them ineffective. *Id.* at 1142. However, this court held that the attorney had made a decision to forego challenging the accusa-

tion of entry without inspection in hopes of focusing attention on the labor law defense. *Id.* "This sort of tactical decision, even if in hindsight unwise, does not constitute ineffective assistance." *Id.*

Furthermore, in *Thorsteinsson v. INS,* 724 F.2d 1365 (9th Cir.), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984), the original attorney made a tactical decision not to raise a potential defense at a deportation hearing and petitioners claimed that this denied them effective assistance of counsel in violation of their due process rights. This court found that "[b]y entering into a stipulation with the INS instead of contesting the Thorsteinssons' deportability, the attorney was able to secure an extended period during which the Thorsteinssons could liquidate their assets in an orderly fashion and still voluntarily leave the country. As in *Rodriguez-Gonzalez,* this tactical decision did not constitute ineffective assistance of counsel." *Id.* at 1368. We held that the attorney's failure to raise the potential defense at the deportation hearing did not impinge upon the fundamental fairness of the deportation proceedings. *Id.* at 1367.

■ Similarly, in the case at bar, both the immigration judge and the BIA found that attorney Haffer's decision to forego contesting deportability in favor of a "generous" grant of voluntary departure was a tactical choice. He did so based on his belief that pending amnesty legislation would allow petitioners to become lawful permanent residents. Although looking at this now, from the vantage of hindsight, we might find this tactical choice to have been unwise, we nevertheless find that it did not constitute ineffective assistance of counsel. "It is not unusual or egregious for counsel to make tactical decisions that ultimately fizzle and redound to the client's detriment." *LeBlanc v. INS,* 715 F.2d 685, 694 (1st Cir.1983).

Because we find that Haffer's decision to request a lengthy voluntary departure in lieu of pursuing the motion to suppress was not ineffective assistance of counsel,

nor egregious misconduct, petitioners are bound by his concession of deportability. Petitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances. *Rodriguez-Gonzalez,* 640 F.2d at 1140. *See United States v. Guerra de Aguilera,* 600 F.2d 752, 753 (9th Cir. 1979); *LeBlanc,* 715 F.2d at 694. Therefore, petitioners were not denied due process by their counsel's admission of deportability on their behalf.

■ Finally, petitioners argues that the interrogation and arrest at their workplace violated their fourth and fifth amendment rights. This court has held that "[e]ven if such violations occurred, ... they would not prevent reliance by the Board [BIA] on petitioners' voluntary admission of illegal entry at the subsequent deportation hearing." *Rodriguez-Gonzalez,* 640 F.2d at 1140-41; *Cuevas-Ortega v. INS,* 588 F.2d 1274, 1278 n. 9 (9th Cir.1979) (voluntary admission at immigration office admissible even after illegal arrest; *Medina-Sandoval v. INS,* 524 F.2d 658, 659 (9th Cir.1975) (voluntary admission at deportation hearing admissible even if initial stop unlawful).

For the foregoing reasons, the order of the BIA denying the motions to reopen deportation proceedings is

AFFIRMED.