Graciela CARMONA MARTINEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 04–70461, A95–310–458.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Graciela Carmona Martinez, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Arthur L. Rabin, San Francisco, CA, U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Department of Justice, Civil Division/Torts Branch, Mary Jane Candaux, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM**

Graciela Carmona Martinez petitions *pro se* for review of the Board of Immigration Appeals ("BIA") order dismissing Carmona Martinez's appeal from an immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

■ Carmona Martinez asserts that she was denied effective assistance of counsel because the law firm she retained to represent her on appeal from the immigration judge's decision failed to file a timely brief, and the BIA denied her motion for consideration of a late-filed brief.

In her late-filed brief, Carmona Martinez argued that she was denied effective assistance of counsel at the removal proceedings because her attorney advised her to apply for asylum when, in fact, she was not eligible for asylum. Carmona Martinez withdrew her asylum application at the removal hearing. Carmona Martinez's attorney also advised her to apply for cancellation of removal although she was ineligible for cancellation because she lacked a qualifying relative as required by 8 U.S.C. § 1229b(b)(1)(D). The immigration judge denied Carmona Martinez's cancellation application on this basis.

Carmona Martinez does not claim that she was eligible for asylum or cancellation of removal. There is no evidence in the record that she is eligible for such relief. She therefore fails to demonstrate that she was prejudiced by her attorney's failure to file a timely appellate brief. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (holding that a petitioner claiming ineffective assistance of counsel due to attorney's failure to file brief to the BIA must show prejudice).

■ Carmona Martinez also contends that she was denied effective assistance of counsel at both the removal proceedings and on appeal to the BIA because her attorneys failed to inform her that she was eligible for "deferred action." " 'Deferred action' refers to an exercise of administrative discretion by the [DHS] district director under which the [DHS] takes no action 'to proceed against an apparently deportable alien' based on a prescribed set of factors generally related to humanitarian grounds." *Barahona–Gomez v. Reno*, 236 F.3d 1115, 1119 n. 3 (9th Cir.2001).

Neither the IJ nor the BIA has any control over deferred action determinations. *See id* at 1119 (noting that deferred action is a form of prosecutorial discretion that immigration judges are not empowered to exercise); *Rodriguez–Gonzalez v. INS*, 640 F.2d 1139, 1142 (9th Cir.1981) (holding that an "immigration judge is without power to terminate [deportation] proceedings on equitable, humanitarian, or other grounds not specified by the [immigration] statute"). The DHS, moreover, may choose to defer action on a case at any stage of the administrative proceedings. *Barahona–Gomez*, 236 F.3d at 1119 n. 3. Accordingly, Carmona–Martinez fails to demonstrate either error or prejudice

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

from her former attorneys alleged failure to inform her of the availability of deferred action. *See Ortiz,* 179 F.3d at 1153 (noting that ineffective assistance claim requires a showing both of inadequate performance of counsel and prejudice).

**THE PETITION IS DENIED.**