NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVARISTO BECERRIL and SILVIA BECERRIL,<br><br>　　　　Petitioners,<br><br>　v.<br><br>ERIC H. HOLDER, JR.,[**] Attorney General,<br><br>　　　　Respondent. | No. 07-71290<br><br>Agency No. A077-823-252/253<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2009[***]
Pasadena, California

Before: ALEX KOZINSKI , Chief Judge, STEPHEN REINHARDT, Circuit Judge,
and ROBERT J. TIMLIN,[****] Senior District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　Eric Holder, Jr. is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

[***]　　The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]　　The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

Regarding Mr. Becerril, the evidence "indicate[d] that one or more of the grounds for mandatory denial of the application for relief may apply," namely a conviction of a crime of moral turpitude, thereby shifting the burden to Becerril to show that such a ground does not apply. 8 C.F.R. § 1240.8(d); *Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008). Becerril's attorney stated on the record that he was convicted of a violation of California Penal Code § 245(a). And the attorney offered into evidence a document from the Merced County Municipal Court which stated that criminal records were available for 2 charges: California Penal Code § 245(a)(1) and California Vehicle Code §§ 23152(a) and (b). The attorney's admission coupled with the Merced County Municipal Court document show that one ground for mandatory denial *may* apply and that is sufficient to shift the burden of proof to Becerril. *See* 8 C.F.R. § 1240.8(d).

Once the burden shifted, Becerril was required to prove by a preponderance of the evidence that he was not convicted of assault with a deadly weapon. However, only one piece of evidence, the FBI report, tended to show that Becerril was not convicted of assault with a deadly weapon. Although it tended to prove that he was convicted of battery, rather than assault with a deadly weapon, it did not definitively state that. Furthermore, Becerril offered contradictory testimony

regarding the nature of his conviction, at first stating that he did not believe he was convicted of anything and then saying he pled guilty to driving under the influence. And the FBI report does not say that Becerril was charged or convicted of drunk driving, providing yet another reason to doubt its thoroughness. Finally, the only unequivocal statements made at Becerril's hearing concerning what crime Becerril was convicted of were made by Becerril's attorney: First, he stated that Becerril was "convicted of 245A of the penal code" and then he identified the crime of conviction as "assault." Ordinarily, admissions of fact by counsel in removal proceedings are binding on the client. *See Rodriguez-Gonzalez v. INS*, 640 F.2d 1139, 1140-41 (9th Cir. 1981). Therefore, the BIA's conclusion that Mr. Becerril failed to satisfy his burden of proving he was not convicted of a crime of moral turpitude is supported by substantial evidence.

Substantial evidence also supports the BIA's finding that Ms. Becerril made misrepresentations to the IJ while under oath at an immigration hearing while she was seeking the benefit of cancellation of removal. *See* 8 U.S.C. §§ 1229b(b)(1)(B), 1101(f)(6); *see also Kungys v. United States*, 485 U.S. 759, 780 (1988). During the hearing, Ms. Becerril first testified that she had never been arrested, but on cross-examination admitted that she had in fact been arrested for theft and contributing to the delinquency of a minor. She said that she had not

3

originally mentioned the arrests because she did not know if they technically qualified as arrests, even though she was detained for five hours, appeared before a judge, and paid a fine. A fair reading of Ms. Becerril's testimony is that she originally attempted to hide her criminal record, but upon cross-examination, she realized that she was not going to be able to, told the truth as to her arrest history, and concocted an implausible story as to why she had not originally mentioned her arrest. To obtain reversal under the substantial evidence standard, the applicant for cancellation of removal must demonstrate that the evidence not only supports that conclusion, but compels it. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). Ms. Becerril failed to demonstrate that the evidence compelled the conclusion that she had not given false testimony for the purpose of obtaining immigration benefits.

PETITIONS FOR REVIEW DENIED.

FILED

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

The evidence in Mr. Becerril's case, viewed in its entirety, does *not* "indicate that one or more of the grounds for mandatory denial of the application may apply" 8 C.F.R. § 1240.8(d). The record is *not* ambiguous. Mr. Becerril was convicted of battery, which is, all agree, not a crime of moral turpitude. The Merced County Municipal Court criminal record and the FBI report show precisely what occurred in January 1995 when Mr. Becerril was convicted. The Merced County Municipal Court record shows that Mr. Becerril was *charged* with assault with a deadly weapon under California Penal Code § 245(a)(1) and with driving while intoxicated under California Vehicle Code §§ 231.52(a) and (b). The same record shows that the disposition of the charges was 36 months of probation, 20 days in jail, enrollment in an alcohol treatment program, and a fine. The document does not reflect what the act of *conviction* was, although the nature of the sentence in combination with the words the words "plead[s] no contest" suggests that Mr. Becerril pled to a lesser offense, rather than going to trial on the crimes with which he was initially charged.

5

The FBI record then makes clear the offense to which Mr. Becerril pled *nolo contendere*–the offense of which he was actually *convicted*. That record states that Mr. Becerril was "arrested or received" on the *charge* of assault with a deadly weapon. It then shows that he was *convicted* in Merced County Municipal Court of the lesser offense of battery, for which he received 20 days in jail, 36 months of probation, and a fine. There can be no doubt, based upon this record, that the only offense of which Mr. Becerril was convicted was battery, and that the sentence referred to in the County Municipal Court record was the sentence for that offense. In short, these two records, taken together, show beyond any question, not simply by a preponderance of the evidence, that in January 1995 Mr. Becerril was arrested and charged with the greater offense of assault with a deadly weapon, as well as drunk driving, and was then *convicted*, following a plea of *nolo contendere*, solely of the lesser offense of battery.

The majority holds that the FBI report, which shows that the conviction was for battery, constitutes insufficient evidence of the nature of that conviction. I am not aware of a single immigration case in which an FBI record has been held insufficient to establish that an individual has been convicted of the offense shown on that record. Nor am I aware of any case of any kind in which an unchallenged and uncontroverted FBI record has been deemed inadequate for such purpose.

6

Here, the FBI record carries particular weight because it is fully consistent with the state court record that was also introduced into evidence, and because no-one was confronted with or contested the accuracy of the FBI record–neither the petitioner nor the government. The majority characterizes the FBI report as merely "tend[ing] to prove that [Becerril] was convicted of battery, rather than assault with a deadly weapon," claiming that "it did not definitely state that." Yet, as the Board of Immigration Appeals ("BIA") noted in its opinion, even the government acknowledges that the FBI report constitutes "definitive objective documentary criminal evidence." Furthermore, as the BIA also observed, this is the "only" such evidence "in the record" and it is evidence that "indicates that [Mr. Becerril] was convicted of violating California Penal Code § 242 (battery)." No documentary or other evidence suggests that the FBI record is incorrect. Nor did any witness deny its accuracy or even suggest that it might be incorrect—and it stated clearly, not ambiguously, that Mr. Becerril was convicted of battery following the filing of the assault with a deadly weapon charge.

Mr. Becerril's statements to the Immigration Judge ("IJ"), in the early stages of the hearing, about the circumstances of his arrest, charge, and conviction may have been confused and uncertain, but they do not in any way suggest that he was convicted of the greater offense with which he was initially charged. If anything,

his statements suggest, erroneously, that he was convicted only of drunk driving. In any event, Mr. Becerril's early confusion certainly does not outweigh the subsequently introduced concrete documentary evidence of the FBI report and the Merced County Municipal Court record, or undermine the conclusion that the record clearly requires, based on the uncontroverted documentary evidence. Significantly, once that evidence was introduced, neither side challenged it or contradicted it in any way. Nor do the early statements by Mr. Becerril's counsel that his client was convicted of assault with a deadly weapon change these facts in any way. Admissions made by counsel during a removal proceeding are not binding on a client if the client subsequently proffers evidence that counsel's statements "were untrue or incorrect." *Matter of Velasquez*, 19 I. & N. Dec. 377, 383 (1986). Here the evidence showing that counsel's statement was incorrect was subsequently submitted by the government, not the client. So much the better for Mr. Becerril, as the government's evidence is "definitive, objective documentary . . . evidence" that could not in good faith be challenged by the government and was not in fact contested, challenged, or contradicted by Mr. Becerril.

Mr. Becerril's counsel initially asked him to testify at the immigration hearing about his arrest and conviction in 1995. Counsel, however, apparently regarded Mr. Becerril's answers as too indefinite, and cut short his testimony when

8

it became clear that his understanding of the nature of the agreed-upon disposition was incorrect; instead, counsel made a clearly erroneous statement about Mr. Becerril's conviction, based on his own lack of authoritative information. At the time counsel made his statement, he had not seen the FBI records, and he did not introduce any documentary evidence that showed the nature of the conviction. It appears counsel had seen only the court record that showed the offenses with which Mr. Becceril was originally charged, but had not seen any record that showed a conviction. When counsel subsequently attempted to support his statement regarding the conviction by providing the IJ with the Merced County Municipal Court record, the government immediately noted that: "it's not really clear . . . based on this document whether or not the respondent was in fact convicted of [assault with a deadly weapon]. The charges don't necessarily correspond to the fine and the disposition." The government subsequently offered the FBI record, which constituted documentary evidence that Mr. Becerril's counsel's statement was untrue and incorrect. As the BIA states in its opinion, "the government specifically note[d] that the only definitive objective documentary criminal evidence in the record indicates that [Mr. Becerril] was convicted of violating California Penal Code § 242 (battery)." Denying an individual's application for cancellation of removal on the basis of a lawyer's erroneous

statement, when documentary evidence, let alone an unchallenged FBI record subsequently entered in the record, clearly disproves the lawyer's assertion, is clear error under any meaning of the term. Here, despite the uncontested evidence in the record, in the form of the FBI Identification Record, and the government's acknowledgment that the "only definitive objective documentary criminal evidence" was that record, which shows that Mr. Becerril was convicted of the lesser offense of battery, the BIA based its decision on Mr. Becerril's counsel's unsupported, factually inaccurate statement that the conviction was for the greater offense of assault with a deadly weapon.

This case is far from close. We have clear, undisputed documentary evidence in the record that in 1995 Mr. Becerril was convicted of battery, which is not a crime of moral turpitude. Mr. Becerril's counsel made an untrue and incorrect statement about his client, that was clearly an erroneous assumption, that led the BIA to hold erroneously that Mr. Becerril was ineligible for cancellation of removal. Although an applicant for such relief has the burden of proving by a preponderance of the evidence that he has not been convicted of a crime of moral turpitude, that burden is satisfied when the record before the court, establishes that he was *not* convicted of such a crime, but rather of a lesser offense—whether the determinative evidence is introduced by the petitioner or by the government. Thus,

10

the majority's conclusion that Mr. Becerril "failed to satisfy his burden of proving he was not convicted of a crime of moral turpitude" is clearly erroneous. The record incontrovertibly shows the contrary.

Substantial evidence in the record does not support the BIA's decision with respect to Mr. Becerril. Mr. Becerril was not convicted of assault with a deadly weapon; rather, as the uncontested FBI Identification Record establishes, by more than a preponderance of the evidence, he was convicted of battery. A reasonable adjudicator would therefore be compelled to conclude that the BIA erred in finding Mr. Becerril statutorily ineligible for cancellation of removal. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008).

Mr. Becerril has suffered from two egregious errors in this case. First, the BIA (and now the majority) fail to credit a legitimate FBI record that is dispositive, uncontradicted, and not the subject of any claim of inaccuracy or impropriety. Second, Mr. Becerril has been penalized because of the ineffective assistance of his counsel, who failed to make any effort to obtain the necessary records and who made an untrue, inculpatory representation about Mr. Becerril's criminal record. Perhaps this will not be the end of the saga, as Mr. Becerril is now certainly entitled, to present a claim of ineffective assistance of counsel to the BIA. It is unfortunate that the majority's erroneous view of the law may extend the current

11

issue into the indefinite future where further proceedings may be required to enable Mr. Becerril to obtain the relief to which he is entitled. How much better it would be for this court to get the law right the first time.[1]

I DISSENT.

---

[1] Our decision also makes it clear for the first time that counsel's ineffective performance was prejudicial. Until now, one would have thought that the full record in Mr. Becerril's cancellation of removal proceeding rendered counsel's error harmless.