**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIANO MATIAS-MENDOZA, | No. 10-71915 |
| Petitioner, | Agency No. A079-811-161 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2011[**]
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and GUILFORD, District
Judge.[***]

Petitioner Mario Matias-Mendoza (Matias-Mendoza) petitions for review of

the decision of the Board of Immigration Appeals (BIA) denying his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andrew J. Guilford, United States District Judge for
the Central District of California, sitting by designation.

suppress and his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA agreed with and adopted the pertinent findings and conclusions of the Immigration Judge (IJ), we review both decisions. *Kaur v. Ashcroft*, 388 F.3d 734, 736 (9th Cir. 2004). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

With respect to the suppression motion, substantial evidence supports the BIA's factual finding that Matias-Mendoza's brother consented to the agents' entry into Matias-Mendoza's apartment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). The Government therefore met its burden of showing "legally sufficient consent" for the agents' warrantless entry. *Id.* at 1016. In addition, Matias-Mendoza was not "seized" for Fourth Amendment purposes because, as the IJ found, he voluntarily talked with the agents and admitted his unlawful entry into the United States. *See INS v. Delgado*, 466 U.S. 210, 216 (1984); *Cuevas-Ortega v. INS*, 588 F.2d 1274, 1277 (9th Cir. 1979). Finally, the legality of Matias-Mendoza's arrest is irrelevant because he made his incriminatory statement to the agents prior to his arrest. "[B]ut-for causality is . . . a necessary . . . condition for suppression," *Hudson v. Michigan*, 547 U.S. 586, 592 (2006), and "a constitutionally invalid arrest," standing alone, does not "taint the deportation

2

proceeding itself." *Rodriguez-Gonzalez v. INS*, 640 F.2d 1139, 1141 (9th Cir. 1981).

We lack jurisdiction over Matias-Mendoza's asylum claim because he failed to exhaust his administrative remedies by challenging the IJ's conclusion that the asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, we dismiss Matias-Mendoza's petition with respect to the asylum application.

Substantial evidence supports the IJ's conclusion that Matias-Mendoza is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) because he failed to establish "that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted). "Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Nor do harassment, discrimination, and economic deprivation necessarily constitute persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Furthermore, substantial evidence supports the IJ's conclusion that changed country conditions have altered the circumstances that led to Matias-Mendoza's past persecution. The Government accordingly rebutted the

3

presumption that, because Matias-Mendoza suffered past persecution, he will also suffer future persecution. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003).

Finally, substantial evidence supports the BIA's conclusion that Matias-Mendoza failed to show that he is more likely than not to be tortured upon his return to Guatemala. *Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir. 2004).

**Petition for review DISMISSED IN PART and DENIED IN PART.**

4