

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCELA MATIAS-PABLO; MATEA
PABLO-MATIAS,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70538

Agency Nos. A079-811-154
A079-811-153

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2011**
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and GUILFORD, District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

Petitioners Marcela Matias-Pablo and Matea Pablo-Matias (Petitioners) petition for review of the decision of the Board of Immigration Appeals (BIA) denying their motions to suppress and applications for asylum and withholding of removal. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners' claims are not advanced by their previous motion to suppress the evidence obtained through the immigration agents' alleged Fourth Amendment violations. "[E]ven if such violations occurred, they would not prevent reliance by the Board . . . on petitioners' voluntary admission of illegal entry at the subsequent [removal] hearing." *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (alterations and internal quotation marks omitted) (collecting cases). Petitioners' "admission[s] constitute[] substantial evidence" supporting the BIA's conclusion that they were subject to removal. *Rodriguez-Gonzalez v. INS*, 640 F.2d 1139, 1140 (9th Cir. 1981).

We have jurisdiction to review the BIA's application of 8 U.S.C. § 1158(a)(2)(B)'s one-year filing requirement to the undisputed facts of this case, and we hold that the BIA properly rejected Petitioners' asylum applications as

untimely.  *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1092 (9th Cir. 2010) (per curiam).

Substantial evidence supports the BIA's conclusion that Petitioners are not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) because they failed to establish "that it is more likely than not that [they] would be subject to persecution on one of the specified grounds."  *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted).  Harassment, discrimination, and economic deprivation do not necessarily constitute persecution.  *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 2005); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003).  Nor did Petitioners introduce evidence that would compel the conclusion that they are likely to be persecuted on account of their actual or imputed political beliefs.  *Cf. Rios v. Ashcroft*, 287 F.3d 895, 900–01 (9th Cir. 2002).  The BIA properly considered the fact that Petitioners' family members have remained in Guatemala for a number of years "without incident."  *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

**Petition for review DENIED.**