NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTURO GARCIA HERNANDEZ, a.k.a. Arturo Hernandez Garcia; DARIO GARCIA HERNANDEZ, a.k.a Dario Hernandez Garcia,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 09-71881<br>10-70183<br><br>Agency Nos. A095-743-502<br>A095-743-504<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Arturo Garcia Hernandez and

Dario Garcia Hernandez, natives and citizens of Mexico, petition pro se for review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") orders dismissing their motion to remand, and denying their motions to reconsider and reopen. We review for abuse of discretion the BIA's denial of a motion to remand, reopen or reconsider. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petitions for review.

The BIA did not abuse its discretion in denying petitioners' motion to remand on the ground that petitioners were bound by their attorney's admissions of alienage and removability at their hearing. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1102 (9th Cir. 2009) (because petitioner was not "deprived of due process by the conduct of his lawyer, he is bound to his admissions of alienage and removability before the [immigration judge]"). Regardless of whether constitutional violations occurred during petitioners' arrests, petitioners have not provided grounds that would prevent the agency from relying on their voluntary admissions at the subsequent removal hearing. *See Rodriguez-Gonzalez v. INS*, 640 F.2d 1139, 1140-41 (9th Cir. 1981) ("a constitutionally invalid arrest," standing alone, does not "taint the deportation proceeding itself").

The BIA did not abuse its discretion in denying petitioners' motion to reconsider because the motion failed to identify any material error of fact or law in

the BIA's prior denial of their motion to remand that warranted reconsideration. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying petitioners' motion to reopen because petitioners did not establish that the newly submitted evidence "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003) (per curiam).

Petitioners' period of voluntary departure has not been stayed by this court. *See* 8 C.F.R. § 1240.26(e)(1), (i).

**PETITIONS FOR REVIEW DENIED.**