**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Adelia GUERRA de AGUILERA, Defendant-Appellant.**

No. 78–3441.

United States Court of Appeals, Ninth Circuit.

June 13, 1979.

Rudolf A. Diaz, Deputy Public Defender, Los Angeles, Cal., for defendant-appellant.

Nancy W. Stock, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUFSTEDLER and WALLACE, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM:

Guerra appeals her conviction as a formerly deported alien found in the United States without permission in violation of 8 U.S.C. § 1326. She contends that her prior deportation was in violation of her Fifth Amendment due process rights, because the hearing officer never personally asked her if she admitted that she was deportable. We affirm.

Guerra was found to be deportable in December 1966. At her hearing, she was represented by her attorney. An official interpreter was present. Her attorney stipulated to her deportability, but requested that she receive a suspension of deportation due to hardship. He presented to the hearing officer an "Application for Suspension of Deportation" which Guerra had executed. In that document, Guerra admitted her alienage. However, the hearing officer never personally asked her whether or not she was in fact an alien.

Guerra's application for suspension was denied and a warrant of deportation was issued. However, she remained in the United States until October 1977 when she was finally deported to Mexico. Two months later she was apprehended in the United States and the charge was made which resulted in these proceedings.

During her trial, Guerra testified that she could not remember making any admissions concerning her deportability at the 1966 hearing, nor could she remember filing the document which requested a suspension of her deportation. She also testified that she cannot read English.

■ A defendant prosecuted pursuant to 8 U.S.C. § 1326 may collaterally challenge the propriety of a prior deportation proceeding, *United States v. Barraza-Leon*, 575 F.2d 218, 220 (9th Cir. 1978), and the government must prove that the defendant was previously deported according to law. *United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9th Cir. 1975). At issue here is whether the government properly proved alienage and deportability in the deportation proceedings.

 Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances. *Kung v. FOM Investment Corporation*, 563 F.2d 1316, 1318 (9th Cir. 1977). In addition, the hearing officer had accepted a document executed by Guerra admitting her alienage. Without citation of direct authority, Guerra asserts that the proceeding was constitutionally infirm. We disagree and hold that all of the process due Guerra under the Fifth Amendment was given to her.

AFFIRMED.