**Andre Marcus BRAGG, Petitioner–Appellant,**

v.

**Warden GALAZA, Respondent–Appellee.**

No. 99–16636.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2000

Filed March 12, 2001

Amended June 12, 2001

Quin Denvir, Federal Defender; Daniel J. Broderick, Chief Assistant Federal Defender; Carolyn M. Wiggin, Staff Attorney; Allison Claire, Assistant Federal Defender, Sacramento, California, for the petitioner-appellant.

Bill Lockyer, Attorney General of the State of California; David P. Druliner, Chief Assistant Attorney General; Robert R. Anderson, Senior Assistant Attorney General; Arnold O. Overoye, Senior Assistant Attorney General; Mathew Chan,

Deputy Attorney General, Sacramento, California, for the respondent-appellee.

Before: O'SCANNLAIN, LEAVY, and GOULD, Circuit Judges.

## ORDER

This court's opinion, filed March 12, 2001, is amended as follows:

1. On page 3110 of the slip, the first sentence of the second full paragraph reads:

Here, while Bragg appealed his conviction in the state court alleging that facts on the record established ineffective assistance of counsel, he never moved for an evidentiary hearing to resolve any factual ambiguities.

The foregoing sentence should be replaced with the following sentence:

Here, while Bragg appealed his conviction in the state court alleging that facts on the record established ineffective assistance of counsel, he never moved for an evidentiary hearing in the trial court to resolve any factual ambiguities.

2. On page 3111 of the slip, the last sentence before the Conclusion reads:

Despite concerns about gaps in the record, we hold that AEDPA in this case precludes us from remanding for an evidentiary hearing.

The foregoing sentence should be replaced with the following sentences:

Diligence would require at least one step or the other to develop the factual basis of his claim. Bragg made no such efforts. Despite concerns about gaps in the record, we hold that AEDPA in this case precludes us from remanding for an evidentiary hearing.

With these amendments, the petition for rehearing dated March 21, 2001, is DENIED.

It is so ORDERED.