Bruce L. BENNETT, Petitioner–
Appellant,

v.

Belinda D. STEWART, Respondent–
Appellee.

No. 99–35705.

D.C. No. CV–98–05589–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Sept. 4, 2001.

Before ALARCON, FERNANDEZ, and
TASHIMA, Circuit Judges.

### MEMORANDUM *

Bruce L. Bennett appeals the district
court's order denying his 28 U.S.C. § 2254
habeas corpus petition in which he chal-
lenged his 1994 convictions for second de-
gree murder and second degree robbery.
We affirm.

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.

At his trial, with counsel's aid, Bennett managed to dodge aggravated first degree murder and lesser included first degree murder charges, but was found guilty of second degree murder and second degree robbery. However, along the way counsel made a slip, which allowed evidence of a prior offense to come in, and gave the prosecution an opportunity to argue about that offense before the jury. Bennett, thus, claims that he is entitled to have the writ issue to set aside his conviction. We disagree.

■ No doubt counsel blundered in a manner that satisfied the first element of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). However, beyond that Bennett must still show "that there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The admission of prior convictions can be prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 181–82, 117 S.Ct. 644, 650–51, 136 L.Ed.2d 574 (1997). Nevertheless, the state Court of Appeals stated that strong evidence against Bennett showed that he was not unfairly prejudiced. In other words, there was no real probability that the result would have been different had the misstep not occurred. *See Bragg v. Galaza*, 242 F.3d 1082, 1088–89 (9th Cir.), *amended by* 253 F.3d 1150 (9th Cir.2001); *United States v. Harden*, 846 F.2d 1229, 1231 (9th Cir.1988). We cannot say that decision was an unreasonable determination of the facts or an improper application of federal law. *See* 28 U.S.C. § 2254(d); *Weighall v. Middle*, 215 F.3d 1058, 1060–62 (9th Cir.2000).

■ Similarly, the allegations of prosecutorial misconduct must fail. In the first place, the trial court gave a strong admonition, which was approved of by defense counsel, to the jury. The state court presumed that the jury followed that instruction. That is the general rule. *See Richardson v. Marsh*, 481 U.S. 200, 206–07, 107 S.Ct. 1702, 1707, 95 L.Ed.2d 176 (1987). Again, we cannot say that the determination requires correction through habeas corpus. Secondly, in light of the evidence, the trial was not so infected with error as to constitute a violation of due process. We cannot say that it is more probable than not that the jury verdict was adversely affected.[1] *See Drayden v. White*, 232 F.3d 704, 713 (9th Cir.2000); *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir.1990); *see also United States v. Young*, 470 U.S. 1, 12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985).

AFFIRMED.

---

1. We need not decide whether to ultimately use a standard different from that in *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). There was no due process violation in any event. *See Thompson v. Borg*, 74 F.3d 1571, 1576–77 (9th Cir.1996).