Peter W. ROSS, III, Petitioner–
Appellant,

v.

Terry STEWART, Director,
Respondent–Appellee.

No. 00–17081.
D.C. No. CV–00–79–TUC–WDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Feb. 13, 2002.

Before B. FLETCHER, BOOCHEVER and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant-petitioner Peter W. Ross, III, appeals the denial of habeas corpus relief. He was convicted in Arizona state court on one count of aggravated assault involving the use of a deadly weapon or dangerous instrument and one count of aggravated assault causing serious bodily injury to victim Brian Wharton, for which he is serving two concurrent sentences of 25 years to life. The trial court denied Ross's petition for post-conviction relief after conducting an evidentiary hearing on claims of ineffective assistance of counsel. The Arizona Court of Appeals subsequently rejected Ross's claims of ineffective assistance and speedy trial violations by memorandum order. After the state supreme court denied review, Ross reasserted these claims in a petition for writ of habeas corpus filed in federal district court under 28 U.S.C. § 2254. Ross now appeals the district court's denial of the writ, claiming that he lacked competent counsel at a critical stage of the state court's pre-trial proceedings and that this constitutional defect further resulted in both a speedy trial violation and the loss of exculpatory witnesses. We affirm the ruling of the district court.

Because Ross filed his petition for writ of habeas corpus in the district court on February 1, 2000, the petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.104–132, 110 Stat. 1214 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Therefore, we

may grant Ross habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). State court factual determinations are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This standard applies even where the finding of fact is made by a state appellate court rather than a state trial court. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended by* 253 F.3d 1150 (9th Cir.2001).

■ Ross raises two grounds for relief on appeal. First, he argues that his defense was irrevocably prejudiced by the failure of his first defense counsel to interview exculpatory witnesses known to the police during a critical stage in the pre-trial investigative phase of his case. Ross's initial counsel was removed from the case by the trial judge subsequent to a hearing during which counsel admitted that he had been prevented, due to a heavy caseload, from adequately preparing Ross's case. Ross argues that counsel's failure to conduct pre-trial interviews of these witnesses resulted in their being "lost" at the time of trial over one year later.

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Ineffective assistance of counsel claims are analyzed under the framework set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which is considered in this circuit to be clearly established federal law for purposes of 28 U.S.C. § 2254(d)

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

review. *Canales v. Roe*, 151 F.3d 1226, 1229 n. 2 (9th Cir.1998). *Strickland* held that a defendant bears the burden of proving ineffective assistance of counsel by showing: (1) that defense counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694, 104 S.Ct. 2052; *see also Jones v. Wood*, 207 F.3d 557, 562 (9th Cir.2000) (paraphrasing the *Strickland* test). A "reasonable probability" of prejudice is to be construed as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Under most circumstances, prejudice will not be presumed, but there are exceptions. *See Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (defendant denied counsel at a critical stage of the proceedings); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (defense counsel operating under conflict of interest); *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (prejudice presumed "if [defense] counsel entirely fails to subject the prosecution's case to meaningful adversarial testing").

Ross cites the *Cronic* decision for the proposition that "a trial is unfair [and no showing of prejudice is required] if the accused is denied counsel at a critical stage of his trial." *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039. However, the Supreme Court cases cited in support of this general proposition are inapposite. *See id.* at 659 n. 25, 104 S.Ct. 2039. Those cases all apply to failure of representation occurring either during the trial itself or during pre-trial court proceedings at critical junctures where the defendant may be required to enter a plea (e.g., arraignment), because

neither the replacement of counsel nor the grant of a continuance (both of which were provided in Ross's case) could serve as an effective cure.

The trial court in the present case appointed new defense counsel after Ross's first attorney's deficient performance became clear and granted successive continuances to permit new counsel to prepare his case, including time to find and interview witnesses that the first attorney had failed to contact. It cannot be argued that Ross's first attorney's deficient performance is of a type that is presumptively incapable of being cured. Moreover, because Ross's trial attorney was given an opportunity to prepare his case and did succeed in obtaining one of the initially "lost" witnesses for trial, we cannot presume prejudice in this case.

■ In addition, Ross has failed to prove prejudice because the exculpatory evidence hypothetically to be provided by the remaining missing witnesses substantially duplicates evidence that was in fact presented at trial. Witness Duncan Walton provided reasonable doubt evidence on Ross's behalf, testifying that a blonde man (and not a dark-haired man such as Ross) had attacked him earlier on the evening of Wharton's assault; that Wharton had stated that he would confront the attacker on Walton's behalf; and that Walton had witnessed the victim speaking with the blonde attacker moments before he found Wharton lying on the ground bleeding from stab wounds. Other witnesses came forward at trial to testify that Wharton's principal attacker was either blonde or redheaded.

The missing witnesses in this case could have done nothing more than add redundant support to the defense theory that Ross was falsely identified as Wharton's attacker, and that a man fitting an altogether different physical description in

fact committed the crime. In addition, as the Arizona Court of Appeals recognized, the testimony of one of the missing witnesses, Sean Owen, probably would have been damaging to Ross at trial because Owen told police that he had seen a dark-haired man earlier in the evening with a knife tucked in his pants acting combatively and being restrained by another man. Although we have previously held that a reasonable probability of prejudice is established where defense counsel fails to provide additional testimony to corroborate the testimony of a defense witness that was otherwise uncorroborated at trial, *see Hart v. Gomez*, 174 F.3d 1067, 1073 (9th Cir.), *cert. denied*, 528 U.S. 929, 120 S.Ct. 326, 145 L.Ed.2d 254 (1999), here, because Walton's testimony in support of Ross's defense theory was additionally corroborated by testimony from other witnesses at trial, the failure to obtain additional witnesses to provide redundant testimony does not establish a reasonable probability of prejudice.

■ Second, Ross argues that the delay of over 15 months between the date of his original arraignment and the commencement of trial violated his right to a speedy trial and resulted in prejudice against his case due to the loss of exculpatory witnesses. Ross attempts to support this argument by noting that the delay between his second arraignment and the commencement of trial exceeded the state statutory speedy trial limitation by 21 days. Ariz. R.Crim. P. 8.2(b). Federal habeas relief, however, is not available for alleged violations of state law, *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and federal statutory relief under the Speedy Trial Act is also not available to Ross because he was tried in a state court. Therefore, we need only consider Petitioner's claim for violation of federal constitutional law.

The Sixth Amendment guarantees all criminal defendants the right to a speedy trial both to ensure "that all accused persons be treated according to decent and fair procedures" and to preserve the "societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Constitutional speedy trial violations are analyzed under the four-factor balancing test established by the Supreme Court in *Barker*. A reviewing court must determine "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *United States v. Lam*, 251 F.3d 852, 855 (9th Cir.), *as amended by* 262 F.3d 1033 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001).

In this Circuit, we have held that a six-month delay constitutes a "borderline case sufficient to trigger an inquiry into the remaining factors." *United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir.1986) (internal quotation marks and citation omitted). However, the present case is complicated by the fact that Ross received a dismissal without prejudice six months after his initial arraignment in order to cure a state law speedy trial violation, and then was not re-indicted for another four months. The principal reason for the state speedy trial violation was that Ross's attorneys had received multiple continuances from the court in order to permit them to prepare Ross's defense.

■ Citing *Coe v. Thurman*, 922 F.2d 528 (9th Cir.1990), Petitioner argues that

any delay caused by the deficient performance of defense counsel should be attributed to the state. *Cf. id.* at 531–32 (noting that "failures of court-appointed counsel ... are attributable to the state"). We cannot agree. In *United States v. Lam,* this Circuit held that delay caused by continuances requested by defendant's appointed trial counsel could not be attributed to the government. 251 F.3d at 857. Like Petitioner in the present case, Lam communicated his desire for a speedy trial to his attorney; however, we found no reason based on that evidence to hold that defense counsel's requests for continuances should not be attributed to Lam himself. *Id.* at 857–58 (citing *United States v. Guerra de Aguilera,* 600 F.2d 752, 753 (9th Cir.1979) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances.")). In *Lam,* we suggested that the defendants could escape responsibility for trial delay caused by the defense's requirements during preparation if it could be shown that the government acted in bad faith by taking undue advantage of the delay. *See* 251 F.3d at 857 n. 8. However, Petitioner has made no such showing of prosecutorial bad faith here.

Even absent a determination that Ross's counsel was principally responsible for the delay in his case, Ross has failed to establish that he was prejudiced by that delay. Ross's argument regarding prejudice due to trial delay is identical to his argument regarding prejudice caused by ineffective assistance of counsel: With regard to both claims, he argues that exculpatory witnesses were lost whose testimony, had it been obtained, may have altered the outcome of trial. For the same reasons provided above in our discussion of Ross's ineffective assistance claim, we reject his argument regarding prejudice due to the alleged speedy trial violation. AFFIRMED.