William Robert STEPHENSON, Petitioner—Appellant,

v.

Matthew C. KRAMER, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 01–16448.

D.C. No. CV–97–00659–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 21, 2002.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

California state prisoner William Stephenson appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We affirm, rejecting all nine of Stephenson's claims.

■ 1. Defense counsel's stipulation to a joinder of the Klopp and Wilshusen trials

was not objectively unreasonable. Therefore, Stephenson does not establish that the California Supreme Court's denial of his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

2. Stephenson concedes that his Fourth Amendment claim regarding the photograph taken of him is procedurally defaulted. His Sixth Amendment claim is not supported by an adequate factual basis. *See Bragg v. Galaza,* 242 F.3d 1082, 1090 (9th Cir.) as *amended on denial of reh'g,* 253 F.3d 1150 (9th Cir.2001) (holding that a petitioner must diligently pursue his claims in the state courts and resolve factual ambiguities or the petition will be dismissed without remand for an evidentiary hearing).

■ 3. Stephenson fails to show how he was the victim of prosecutorial misconduct and offers merely speculation that the prosecutor's motives were impure.

■ 4. Stephenson does not carry his burden of establishing that the second photographic array shown to Klopp "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *see also Woodford v. Visciotti,* —— U.S. ——, 123 S.Ct. 357, 360–61, —— L.Ed.2d —— (2002) (per curiam) (explaining that the habeas applicant bears the burden of showing the state court applied Supreme Court precedent in an "unreasonable manner"). He fails to show how the evidence was unconstitutional where he made no record below to permit us to adequately weigh the claim.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

5. Given that Stephenson cannot show that the photographic array violated his due process rights, it follows that his conviction is supported by sufficient evidence.

■ 6. The denial of Stephenson's speedy trial claim was not an unreasonable application of *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We cannot say the California courts unreasonably balanced the *Barker* factors given that: (1) Stephenson stipulated to the continuance accommodating Wilshusen's trip, (2) Stephenson fails to explain how the loss of a witness (which he alleges was the result of the three month delay from his arrest until his indictment) prejudiced him, and (3) the total delay from his arrest until trial was approximately eleven months. *See Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (noting that post-accusation delay approaching one year is generally the threshold delay to trigger the *Barker* analysis).

7. We lack jurisdiction to entertain Stephenson's argument that California Proposition 115, which authorizes the joinder of cases, is unconstitutional under the California Constitution. 28 U.S.C. § 2254(a) (providing that federal courts shall entertain a petition for habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). To the extent that Stephenson argues Proposition 115 is unconstitutional under the United States Constitution, he asks for a new rule of constitutional adjudication. This he cannot obtain on habeas review. 28 U.S.C. § 2254(d)(1); *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■ 8. Because *Beck v. Alabama,* 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), applies only to capital cases, Stephenson's claim that his constitutional rights were deprived by the trial court's failure to instruct the jury on lesser-included offenses was properly denied. *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir. 2000) (per curiam) *cert. denied,* —— U.S. ——, 122 S.Ct. 94, 151 L.Ed.2d 55 (2001).

■ 9. The evidence of Stephenson's prior bad acts adduced at trial did not deprive him of his due process right to a fundamentally fair trial. *See Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The evidence of Stephenson's prior bad acts was admitted for a permissible purpose: intent. "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991).

**AFFIRMED.**