**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Adam Quinn PLETCHER, Defendant—
Appellant.**

No. 02–35577.

D.C. Nos. CV–01–01508–BJR,
CR–97–00182–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2003.

Decided Aug. 22, 2003.

Adam Quinn Pletcher, FCI—Sandstone, Sandstone, MN, Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

William Henry Redkey, Seattle, WA, for Respondent–Appellee.

Before BROWNING, ALARCON, and CLIFTON, Circuit Judges.

## MEMORANDUM*

Adam Quinn Pletcher appeals the district court's denial of his 28 U.S.C. § 2255 motion, in which he challenges his conviction for four counts of mailing threatening communications with intent to extort, in violation of 18 U.S.C. § 876. Pletcher raises two ineffective assistance of counsel arguments. Because the parties are familiar with the facts we recite them only as necessary. We affirm.

Pletcher first argues that his lawyer was ineffective because he failed to obtain an order from the court suppressing Pletcher's confession. But Pletcher failed to establish that the confession could or should have been suppressed. Even assuming *arguendo* that Pletcher was in custody, so long as Pletcher's pre-Miranda inculpatory statement was voluntary, the voluntariness of the post-Miranda confession had to be analyzed in light of its independent surrounding circumstances. *See Oregon v. Elstad*, 470 U.S. 298, 318, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); *see also United States v. Orso*, 266 F.3d 1030, 1036 (9th Cir.2001) (en banc) (discussing *Elstad*'s holding), *cert. denied*, 537 U.S. 828, 123 S.Ct. 125, 154 L.Ed.2d 42 (2002). Custody does not equate to coercion. Rather, "[t]he test for determining whether a confession is voluntary is 'whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'" *Amaya–Ruiz v. Stewart*, 121 F.3d 486, 494 (9th Cir.1997)

(quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir.1990) (other internal quotation marks and citations omitted)).

■ The district court correctly found that there was no evidence, even fully crediting Pletcher's affidavits, that any of Pletcher's statements were procured through physical or psychological coercion or by improper inducement. *See Derrick*, 924 F.2d at 818 ("[C]oercive police activity is a necessary predicate to the finding that confession is not 'voluntary' . . .") (quoting *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). No evidentiary hearing was needed because, as discussed, Pletcher's claim fell short even taking all the affidavits as true. That is, "the motion and the files and records of the case conclusively show that [Pletcher] is entitled to no relief[.]" 28 U.S.C. § 2255; *see also United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000).

■ Pletcher next argues that trial counsel was deficient in failing to present a diminished capacity defense. But Pletcher failed to demonstrate that he had a meritorious diminished capacity defense. Pletcher offered only his father's affidavit to support this claim. In that affidavit, his father attested to talking with Karen Lake, a "mental health professional," who diagnosed Pletcher with cyclothymia based on what Pletcher's father related to her. Even assuming that Ms. Lake was a qualified expert, the statements attributed to her would not by themselves be sufficient to establish the asserted defense. We cannot speculate on what additional medical evidence Pletcher's lawyer might have gathered if he had investigated. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Bragg v. Galaza,* 242 F.3d 1082, 1088 (9th Cir.), *amended by* 253 F.3d 1150 (2001); *Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir.1997). Thus, left with only Ms. Lake's second-hand diagnosis, and given the other medical evidence to the contrary, we cannot conclude that there is a reasonable probability that the jury could have reached a different verdict. *See Strickland v. Washington,* 466 U.S. 668, 693–95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Pletcher did not show that he might be entitled to relief even fully crediting the supporting affidavit, the district court did not abuse its discretion by denying an evidentiary hearing. *See* 28 U.S.C. § 2255; *Chacon–Palomares,* 208 F.3d at 1159.

**AFFIRMED.**