**Kristofor HANS, Petitioner—Appellant,**

**v.**

**Mike MAHONEY, Warden, Respondent—Appellee.**

No. 02–35542.

D.C. No. CV–99–00069–GF/SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2003.*

Decided Oct. 24, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before TROTT, FISHER and GOULD, Circuit Judges.

## MEMORANDUM**

Appellant Kristofor Hans, a Montana state prisoner, appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 and we affirm the district court's denial of Hans' petition.

Hans argues that the Montana Supreme Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when it considered his claim for ineffective assistance of counsel. *See Hans v. State*, 283 Mont. 379, 942 P.2d 674 (1997). Hans' petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). We may grant Hans' petition only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). We hold that the Montana Supreme Court did not apply *Strickland* in an objectively unreasonable manner.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

■ Hans argues that his trial counsel gave him incorrect information about the definition of mitigated deliberate homicide under Montana law. Hans' trial counsel mistakenly explained the offense of mitigated deliberate homicide as "in effect [. . . homicide] in the heat of passion or upon sudden argument." *Hans,* 942 P.2d at 684. In fact, under Montana law mitigated deliberate homicide may include factors other than the heat of passion or sudden argument. *Id.* at 686; Mont.Code Ann. § 45–5–103.

The Montana Supreme Court, however, found that Hans' trial counsel's description was not incorrect as a shorthand statement of the offense. It held that the "use of 'heat of passion' to describe mitigated deliberate homicide conveyed the substance of the offense" and "properly demonstrated that provocation remains the pivotal requirement of the lesser offense . . . under then available Montana case law." *Id.* at 685. Because trial counsel's statement about the heat of passion was not a substantive misstatement of then available Montana law, the court concluded that this statement could not constitute ineffective assistance of counsel. *Id.*

We cannot conclude that the Montana Supreme Court, as the final interpreter of Montana state law, committed unreasonable error in its analysis of trial counsel's effectiveness in conveying the substance of a Montana offense. *See Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir.1990) ("[W]e have no authority to review a state's application of its own laws."). Therefore the Montana court did not apply *Strickland* in an unreasonable manner.

■ Moreover, the Montana court found as a factual matter that Hans had no basis on which he could have raised a defense of mitigated deliberate homicide. *Hans,* 942 P.2d at 686. Under AEDPA, a state court's findings of fact are presumed to be correct unless petitioner rebuts that presumption with clear and convincing evidence, *Bragg v. Galaza,* 242 F.3d 1082, 1087 (9th Cir.), *amended by* 253 F.3d 1150 (9th Cir.2001), which Hans has not done.

## II.

■ In addition, the Montana Supreme Court did not unreasonably apply *Strickland* by using an improper standard of review in analyzing Hans' petition. Hans argues that the Montana Supreme Court mistakenly failed to use de novo review, but he has not provided authority that a state appellate court must use de novo review in considering a lower state court's adjudication of a habeas petition. Moreover, the court conducted a searching, independent legal analysis of Hans' claim. *See Hans,* 942 P.2d at 399–400. Thus, even if the Montana Supreme Court articulated an improper standard of review, that standard did not affect the court's actual analysis, and did not rise to the level of an objectively unreasonable application of *Strickland.*

■ Hans also argues that the Montana Supreme Court was improperly deferential to the tactics of Hans' trial counsel. Actually, in according only "slight deference" to the decisions of trial counsel that were "non-strategic," *Hans,* 942 P.2d at 682, the court was less deferential to trial counsel's tactics than *Strickland* requires, and therefore its level of deference was not an unreasonable application of clearly established federal law.

**AFFIRMED.**