## Michael WILLIAMSON, Petitioner— Appellant,

v.

## Maggie MILLER–STOUT, Respondent— Appellee.

No. 04–35377.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2005.*

* This panel unanimously finds this case suit-

Decided June 22, 2005.

Gerald R. Smith, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Petitioner—Appellant.

John J. Samson, AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent—Appellee.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Michael Williamson appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Williamson challenges his conviction on the ground that the trial court's admission of Kathryn Wagner's hearsay statements under the excited utterance exception to the hearsay rule violated his constitutional right to confrontation. He also argues that the district court erred in dismissing his petition without holding an evidentiary hearing on his other claims. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.

Under the Confrontation Clause, out-of-court testimonial statements are inadmissible unless (1) the declarant is unavailable and (2) the defendant had a prior opportunity for cross-examination. *United States v. Crawford,* 541 U.S. 36, 53–59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Nevertheless, "when the declarant appears for cross-examination at trial, the Confrontation Clause *places no constraints at all* on the use of his prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* at 59 n. 9, 124 S.Ct. 1354 (emphasis added) (citations omitted). Here, Wagner *did* testify at Williamson's trial—indeed, she recanted the statements that were admitted as excited utterances. Because Wagner testified, Williamson had an opportunity to cross-examine her, and the inadmissibility rule of *Crawford* is not implicated. *See id.*

Further, we conclude that the district court did not err in declining Williamson an evidentiary hearing on his remaining claims. Williamson has not established that (1) he ever sought an evidentiary

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hearing in state court, (2) his claims rely on a new rule of law or previously undiscoverable facts, or (3) the evidence "sought to be discovered would establish by clear and convincing evidence that the petitioner would not have been convicted but for constitutional error." *Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1171 n. 4 (9th Cir. 2003) (citing 28 U.S.C. § 2254(e)(2)). Because Williamson has failed to meet the requirements of § 2254(e)(2), we may not remand for an evidentiary hearing. *Id.; see also Bragg v. Galaza,* 242 F.3d 1082, 1089–90 (9th Cir.), *amended by* 253 F.3d 1150 (9th Cir.2001).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.