Randal Craig ROSS, Petitioner— Appellant,

v.

Stan W. CZERNIAK, Respondent— Appellee.

No. 04–35829.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Oct. 27, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Anthony David Bornstein, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner—Appellant.

Lynn David Larsen, AAG, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent—Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner–Appellant Randal Craig Ross appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's decision to deny Ross's habeas petition. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004). Under the Anti–Terrorism and Effective Death Penalty Act of

---

1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), Ross's petition can be granted only if the state court decision of his present claims either "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Ross contends that he received ineffective assistance of counsel based on his trial counsel's failure, upon learning that prosecution witness Sergeant Steele had falsified a police report about Ross's crime, to (1) move for a continuance to investigate Steele's grand jury testimony, (2) seek dismissal of the indictment against Ross, or (3) ask Steele during cross-examination whether he had lied to the grand jury.

To demonstrate ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Establishing prejudice requires showing that, considering "the totality of the evidence before the judge or jury," *id.* at 695, 104 S.Ct. 2052, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

▇ Ross has not met his burden to show prejudice because he has not identified any evidence that Steele lied before the grand jury. Moreover, trial counsel's impeachment of Steele using the police report alone yielded admissions that Steele had falsified a document in which he was trained and had a "sworn duty" to record events truthfully. Given the totality of the evidence before the jury, any additional impeachment value of evidence that Steele had lied to the grand jury—assuming, *arguendo*, that such evidence existed—would have been too marginal to affect the outcome of Ross's trial. Absent a showing of prejudice, we do not consider whether trial counsel's performance was deficient. *See id.* at 697, 104 S.Ct. 2052.

▇ Further, we decline to remand this case to the district court for an evidentiary hearing on the contents of Steele's grand jury testimony. The evidence prompting Ross's desire for an evidentiary hearing— Steele's trial testimony about falsifying his police report—was available to Ross during his state court proceedings. Nevertheless, while in state court Ross neither sought an evidentiary hearing nor otherwise made any diligent attempt to develop evidence of Steele's grand jury testimony. Accordingly, comity precludes granting him an evidentiary hearing in federal court. *See Williams v. Taylor*, 529 U.S. 420, 436–37, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Bragg v. Galaza*, 242 F.3d 1082, 1090 (9th Cir.2001), *opinion amended on denial of rehearing*, 253 F.3d 1150 (9th Cir.2001). To the extent Ross's lack of diligence is attributable to his trial counsel, any claim of ineffective assistance is mooted by our holding that Ross was not prejudiced in any event.

AFFIRMED.