Teddy S. WILLIAMS, Petitioner—
Appellant,

v.

C.K. PLILER, Warden, Respondent—
Appellee.

No. 05–55439.
D.C. No. CV–03–06603–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided March 20, 2006.

10. I California Ins. Law Dictionary & Desk Ref. §§ A79, D1 (2005 ed.)

Sean K. Kennedy, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Jason C. Tran, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Teddy S. Williams appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.[1]

We review the district court's denial of a § 2254 petition *de novo. Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus may be granted only if the state court's decision (1) "was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "We review the district court's denial of a request for an evidentiary hearing for abuse of discretion." *See Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir.2004), *cert. dismissed,* —— U.S. ——, 126 S.Ct. 410, 162 L.Ed.2d 933 (Sept. 29, 2005).

*First,* Williams raises a procedural due process claim, based on the trial court's failure to conduct, *sua sponte,* a hearing regarding Williams' mental competence.

Due process requires that a trial court conduct a hearing on a defendant's mental competence to stand trial when confronted with evidence that raises a *bona fide* doubt as to the defendant's mental competence. *Pate v. Robinson,* 383 U.S. 375, 865, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). "A *bona fide* doubt exists if there is substantial evidence of incompetence, or substantial evidence that the defendant lacks sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him." *Williams v. Woodford,* 384 F.3d 567, 604 (9th Cir.2004) (internal quotation marks and citations omitted), *cert. denied,* —— U.S. ——, 126 S.Ct. 419, 163 L.Ed.2d 319 (Oct. 11, +2005). Relevant factors include "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In addition, the trial court remains under a continuing duty to remain "alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence."

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Williams' recent release from custody does not render this case moot because he may continue to suffer collateral consequences from his conviction. *See Wood v. Hall,* 130 F.3d 373, 376 (9th Cir.1997).

*Id.* at 181, 95 S.Ct. 896. These standards apply with equal force when a defendant seeks to waive his right to assistance of counsel. *Godinez v. Moran*, 509 U.S. 389, 399–402, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

■ The state court of appeal identified the correct standard and considered relevant factors such as Williams' conduct before and at trial, his ability to engage adequately in self-representation, and the trial court's observations on his demeanor. The state court's decision was therefore not contrary to or an unreasonable application of clearly established Supreme Court precedent.

■ Nor was the state court unreasonable in its factual determination that a hearing was not required. Williams' behavior at the pretrial motion hearing was unremarkable, his counsel expressed no doubt as to his mental competence, and his odd statements at the earlier preliminary hearing were not alone sufficient to raise a doubt as to his competence. *See Hernandez v. Ylst*, 930 F.2d 714, 717–18 (9th Cir. 1991). The state court noted that while representing himself, Williams displayed a certain amount of intelligence, articulateness, and understanding of legal concepts, and concluded that Williams' behavior at trial, while sometimes peculiar or erratic, did not meet the substantial evidence standard. There was no evidence before the trial court before or during the trial regarding a history of mental illness, nor was the court presented, at that time, with any expert evaluation of Williams' mental status. Under these circumstances, and in contrast to situations in which this court has ordered an evidentiary hearing on procedural competency claims, the state court of appeal's determination was not unreasonable. *See Torres v. Prunty*, 223 F.3d 1103, 1110 (9th Cir.2000); *Compare Pate*, 383 U.S. at 378–85, 86 S.Ct. 836 (holding that a hearing was required where trial court was presented with evidence of a "long history of disturbed behavior"; of a severe blow to the head by a brick at childhood; medical records indicating a history of mental illness; and expert testimony that the defendant was insane); *Torres*, 223 F.3d at 1109–10 (holding that a hearing was required in light of (1) defense counsel's statements that the defendant believed a conspiracy was being perpetrated by counsel and the court; (2) defense counsel's recommendation that a competency hearing be held; and (3) "peculiar behavior [including]: ... insist[ing] on wearing jailhouse blues; threatening to assault his attorney; insist[ing] after being ordered shackled, to be handcuffed as well; and continually disrupt[ing] the trial until ... [being] removed from the courtroom and locked up"), *and Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir.2001) (ordering a hearing where trial court was aware that "[the defendant] was missing a piece of his brain the size of a grapefruit" and the "record revealed an extensive history of mental impairment, and expert testimony and jail records suggested that [these] mental problems lay not just in the past, but continued to the time of trial."); *with Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir.1985) (noting that "[i]n *de Kaplany [v. Enomoto]*, 540 F.2d [975,] 983–85, we held that evidence of two emotional and inappropriate outbursts at trial coupled with the bizarre and gruesome nature of the crime charged, and psychiatric testimony characterizing the defendant as 'severely disturbed' and suffering from paranoid schizophrenia, was *insufficient* to raise a bona fide doubt with respect to the defendant's competency to stand trial"); *and Davis*, 384 F.3d at 646 (noting that while the defendant "may have been depressed, ... his history, statement, and conduct did not approach the *overwhelming indica-*

*tions* of incompetence present in *Pate, Odle,* and *Torres"* (emphasis added)).

*Second,* Williams asserts a substantive due process claim, arguing that he was actually mentally incompetent for the duration of the proceedings against him.

Due process is offended, and the conviction cannot stand, if a defendant stood trial while in fact mentally incompetent. *Dusky v. United States,* 362 U.S. 402, 403, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *Pate,* 383 U.S. at 388 n. 1, 86 S.Ct. 836 (Harlan, J., dissenting) (describing the usual case as asserting not a procedural due process claim, but "the simple claim that defendant was convicted while incompetent during the trial"). A defendant is incompetent and may not be subjected to trial if he "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope,* 420 U.S. at 162, 95 S.Ct. 896. The state court of appeal's application of these standards was not unreasonable.

To make out his claim, Williams relies not only on his behavior at trial, including his increasingly frequent allegations of sexual misconduct inflicted by defense counsel, police, and jailers, but also on psychiatric evaluations, conducted post-trial, finding him incompetent to be sentenced and to stand trial in another case.[2] As the state court noted, the post-verdict medical evaluations were not backward-looking in nature and shed no light on Williams' competence at trial. Further, as also noted by the state court of appeal, the prosecutor, the trial court, and two of Williams' own counsel thought Williams competent. *See Hernandez,* 930 F.2d at 718 (finding it "significant that 'the trial judge, government counsel, and [defense counsel] ... did not perceive reasonable cause to believe [the defendant] was incompetent' "). We therefore conclude that the state court of appeal was not unreasonable in its determination that Williams failed to establish that he was actually incompetent during his trial.

*Third,* Williams asserts that due to his lack of mental competence, his waiver of counsel was neither knowing nor voluntary.

To waive the constitutional right to counsel, a criminal defendant must be competent to stand trial *and* "the trial court must satisfy itself that the waiver ... is knowing and voluntary." *Godinez,* 509 U.S. at 400, 113 S.Ct. 2680. The "knowing and voluntary" inquiry is distinct from the mental competence inquiry and is intended "to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id.* at 401 n. 12, 113 S.Ct. 2680; *see id.* at 401, 113 S.Ct. 2680 ("[T]here *is* a 'heightened standard' ... for waiving the right to counsel, but it is not a heightened standard of *competence.* ").

At the *Faretta* hearing, the trial court repeatedly warned Williams of the dangers of self-representation and sought—and re-

---

2. Williams also relies on a head injury he allegedly suffered in 1992. He offers, however, no explanation of how this injury affected his competency or conduct at trial. *Compare Williams,* 384 F.3d at 609 (rejecting the significance of expert declarations because they "[did not] describe how [the petitioner's] probable mental impairment interfered with his understanding of the proceedings against him ...."); *with Odle,* 238 F.3d at 1088 (noting that "[t]he trial judge had before him a comprehensive record of [the petitioner's] history of mental health problems and heard the testimony of expert witnesses who described extensive damage to [the petitioner's] brain" and who explained how the damage would impact the petitioner's behavior).

ceived—Williams' affirmation that he indeed wished to remove counsel. The state court of appeal reasonably determined that Williams knowingly and voluntarily waived his right to counsel. Moreover, for the reasons set forth above, the state court reasonably determined that Williams was competent to knowingly and voluntarily waive of counsel.

*Fourth,* Williams maintains that the district court's denial of his motion for an evidentiary hearing on the issue of actual mental competence was an abuse of discretion.

AEDPA erects a bar to evidentiary hearing where a petitioner has failed to establish that his claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii); *see Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1171 n. 4 (9th Cir. 2003). Williams offers no explanation for his failure to obtain at the state court level the evidence he now seeks to develop. We therefore affirm the district court's denial of Williams' request for an evidentiary hearing regarding his mental competence at trial. *See Bragg v. Galaza,* 242 F.3d 1082, 1090 (9th Cir.2001), *amended by,* 253 F.3d 1150 (9th Cir.2001).

*Fifth,* Williams asserts an ineffective assistance of counsel claim based on the failure of his counsel Rory Moore to investigate his mental competence to stand trial, despite there being sufficient reason to doubt the same.

■ To establish an ineffective assistance of counsel claim Williams must show that his counsel's performance was deficient and that the deficiency resulted in prejudice. *Wiggins v. Smith,* 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moore was removed as counsel immediately following the *Faretta* hearing and thus interacted with Williams only for a brief period. As noted, Williams' behavior at the preliminary hearing was not alone sufficient evidence of mental incompetence to mandate investigation. The sole support for the notion that Moore was aware, or should have been aware, of his head injury is a presentence report filed with the trial court over a year *after* the *Faretta* hearing at which Moore was relieved of his duties. The record provides no basis for concluding that Moore knew or should have known of William's mental health history at that time. We accordingly affirm the district court's denial of Williams' ineffective assistance of counsel claim.[3]

For the foregoing reasons, we affirm the district court's denial of Williams' petition for a writ of habeas corpus.

**AFFIRMED.**

---

**3.** To the extent that Williams may have a tenable ineffective assistance of counsel claim with regard to his later-appointed counsel, that claim was not raised here or at the state level and so is not properly before us. *See Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir.2005).