Charles William DEARING,
Petitioner–Appellant,

v.

E.K. McDANIEL; et al., Respondents–
Appellees.

No. 07–16127.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed May 15, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

John C. Lambrose, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Kevin Briggs, Nevada Attorney General's Office, Ely, NV, Todd J. Dressel, Esq., Winston & Strawn LLP, San Francisco, CA, Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Petitioner Charles Dearing, a Nevada state prisoner serving a term of life in prison without the possibility of parole, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Dearing contends that the statement he gave to the Las Vegas Metropolitan Police Department should have been excluded by the trial court because he was subjected to custodial interrogation without first being administered *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, Dearing was not entitled to *Miranda* warnings because he was not in custody at the time of his

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statement. *See Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983). The statement was properly admitted.

■ Dearing next asserts that the trial court excluded testimony by two child witnesses that Dearing proffered, in violation of Dearing's due process rights. The trial court excluded these witnesses because it concluded that their testimony would have been irrelevant, cumulative, and collateral. Relying on state law, the Nevada Supreme Court upheld this ruling on direct appeal. We agree that the exclusion of this evidence was appropriate, and find nothing in the Nevada Supreme Court's analysis that is "contrary to" federal law. 28 U.S.C. § 2254(d). Accordingly, we do not disturb the state Supreme Court's decision. *See Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

■ Applying the test articulated in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find that Dearing's speedy trial claim also lacks merit. The delay between Dearing's extradition and the commencement of his trial was not unduly long. Dearing shares the responsibility for most of the delay. Dearing's bare allegations are not sufficient to establish that this is the exceptional case where an attorney's conduct may not be attributed to the client. *See United States v. Guerra de Aguilera,* 600 F.2d 752, 753 (9th Cir.1979); *Taylor v. Illinois,* 484 U.S. 400, 417–18, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Dearing's assertions of his right to a speedy trial do not outweigh his responsibility for the delay. Finally, Dearing's pre-trial incarceration likely caused him some measure of "anxiety and concern," *Barker,* 407 U.S. at 532, 92 S.Ct. 2182, but Dearing has failed to allege any prejudice to his defense attributable to the relevant period of delay. In sum, though the third and fourth *Barker* factors may favor Dearing slightly, they do not overcome the first and second factors, which weigh heavily against him. Consequently, Dearing has failed to establish a Sixth Amendment violation.

Dearing alleges that his trial counsel provided deficient representation, in violation of the Sixth Amendment. Under the test set forth in *Strickland v. Washington,* a petitioner alleging ineffective assistance of counsel must first establish that his "counsel's representation fell below an objective standard of reasonableness." 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the petitioner must show that the deficient performance was prejudicial, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Dearing raises nine arguments in support of his claim of ineffectiveness. All of Dearing's contentions are either facially without merit, or lack the factual and legal support necessary to establish a claim for relief under *Strickland.*

The district court's denial of Dearing's habeas petition is **AFFIRMED.**