**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50580 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00152-DOC-1 |
| v. | |
| QIANA RIVAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 5, 2016[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Qiana Rivas appeals her 18-month sentence for conspiracy to commit mail

fraud in violation of 18 U.S.C. § 371. She argues that defense counsel's dual

representation of her and a co-conspirator at their respective sentencing hearings

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

violated her Sixth Amendment right to conflict-free counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's decision de novo, we affirm. *United States v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009).

While counsel likely violated California Rule of Professional Conduct 3-310(C) by failing to obtain informed consent for his joint representation of Rivas and her co-conspirator, this failure is not a per se violation of the Sixth Amendment. *Nickerson*, 556 F.3d at 1019. To establish a Sixth Amendment violation, a defendant who failed to object to the conflict must demonstrate through a factual showing in the record that an actual conflict of interest adversely affected her lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended on denial of reh'g*, 253 F.3d 1150 (9th Cir. 2001).

Counsel's refusal to appeal Rivas's sentence for fear it might jeopardize the co-conspirator's upcoming sentencing demonstrates a conflict of interest. But this claim is moot. Any prejudice potentially accruing to Rivas was cured when the district court reinstated her right to directly appeal her sentence and appointed her new counsel for appeal.

Rivas's other arguments fail to establish an actual conflict. Rivas claims that "both parties revealed confidential information" to defense counsel and that Rivas

and her co-conspirator had "opposing" interests; however, Rivas fails to identify what confidential information was disclosed or how it was used to Rivas's disadvantage. Rivas also claims that counsel failed to advocate for Rivas as a government witness because she would have testified against the co-conspirator. But, her cooperation was acknowledged by all parties and significantly rewarded with a "rare and exceptional" six-level reduction for cooperation. Finally, that counsel did not mention the co-conspirator's probationary sentence during Rivas's sentencing hearing is not evidence of a conflict; the co-conspirator had not yet been sentenced, and there is no evidence in the record suggesting that counsel was aware that the co-conspirator would receive only probation. This type of speculation regarding a conflict of interest is not enough to establish a Sixth Amendment violation. *Sullivan*, 446 U.S. at 350.

**AFFIRMED**.