NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIMARIO PICKFORD,

Petitioner-Appellant,

v.

GERALD JANDA,

Respondent-Appellee.

No. 14-16627

D.C. No. 4:13-cv-02686-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges, and MURPHY,[**] District
Judge.

DiMario Pickford appeals the denial of his petition for habeas corpus, in

which he challenges his convictions for first-degree murder and possession of an

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

assault weapon. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1. The California Supreme Court's denial of Pickford's claim regarding Tameca Jessie's criminal history was neither contrary to nor an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* requires the prosecution to disclose material evidence that is favorable to the defense. *Id.* at 87. Evidence is not material if it is not admissible, including for impeachment purposes. *See Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) (per curiam). Also, impeachment evidence is not material if it is "merely cumulative" with other forms of impeachment evidence. *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2010). Here, the state court could have reasonably concluded that Tameca Jessie's convictions for driving under the influence and child desertion, along with her then-pending charge for property damage and evidence that some of her convictions may have listed the wrong birth date, were not material under *Brady*, because the evidence was likely inadmissible in California because it did not relate to crimes involving moral turpitude. *See People v. Castro*, 38 Cal. 3d 301, 306 (1985) (stating the California rule). Moreover, Jessie was impeached at trial by her prior inconsistent statements, her conviction for embezzlement, the fact that she was being paid as a witness, and her alcohol consumption. The state court could reasonably conclude that the evidence of her criminal history was merely cumulative with this other impeachment evidence. *See Kohring*, 637 F.3d at 908.

2

2. The California Supreme Court's denial of Pickford's claim regarding the transcript of Tameca Jessie's police interview was likewise neither contrary to nor an unreasonable application of *Brady*. Evidence is not "suppressed" under *Brady* where the defendant is "aware of the essential facts enabling him to take advantage of any exculpatory evidence." *United States v. Shaffer*, 789 F.2d 682, 690 (9th Cir. 1986) (citation omitted). Here, Pickford had both the recording and the original transcript of the interview, so the California Supreme Court could reasonably conclude that he was aware of the essential facts from which he could take advantage of the evidence. *See Rhoades v. Henry*, 638 F.3d 1027, 1039 (9th Cir. 2011) (holding that evidence was not suppressed where the defendant had all the "salient facts" regarding its existence). The California Supreme Court could also have found any additional impeachment evidence from the enhanced transcript to be cumulative. *See Kohring*, 637 F.3d at 908.

3. We certified for appeal Pickford's claim that trial counsel rendered ineffective assistance by failing to investigate witnesses. Upon review of the supplemental briefing and record, the California Supreme Court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Pickford failed to exhaust his claim regarding Tiffany Hines and Marcus Churchwell, because he never presented the state court with an argument that trial counsel was ineffective for failing to investigate or call

3

these witnesses. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("The Arizona appeals court was not required to comb the trial court's decision to discover Castillo's federal constitutional issue."). And Pickford failed to introduce sufficient evidence of trial counsel's performance to show that the performance was objectively unreasonable. *See Burt v. Titlow*, 134 S. Ct. 10, 17–18 (2013); *Bragg v. Galaza*, 242 F.3d 1082, 1088–90 (9th Cir.) ("[T]he record developed by Bragg in state court does not give adequate factual support for us to credit his claims of ineffective assistance of counsel."), *amended by* 253 F.3d 1150 (2001).

4. We also certified for appeal Pickford's claim that he is actually innocent. The California Supreme Court's denial of this claim was neither contrary to nor an unreasonable application of federal law. Pickford's new evidence does not meet the "extraordinarily high" standard of showing "that he is probably innocent." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) (internal quotation marks and citations omitted). And because the California Supreme Court's denial of this claim was not unreasonable based on the evidence presented to it, we cannot order an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

**AFFIRMED.**

4